Stephen M. Doniger (SBN 179314)
stephen@donigerlawfirm.com
Scott A. Burroughs (SBN 235718)
scott@donigerlawfirm.com
David Shein (SBN 230870)
david@donigerlawfirm.com
DONIGER / BURROUGHS
603 Rose Avenue
Venice California 90291
Telephone: (310) 590-1820

Attorneys for Defendant Gaojing Wei

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTON INTERNATIONAL, INC., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>GAOJING WEI, an individual; et. al.<br><br>Defendants. | Case No.: 5:21-cv-00121-JGB-SPx<br>_Honorable Jesus G. Bernal Presiding_<br><br>**DEFENDANT'S REPLY IN SUPPORT OF HIS MOTION TO DISMISS PLAINTIFF'S COMPLAINT**<br><br>Date: March 22, 2021<br>Time: 9:00 a.m.<br>Courtroom: 1 |

Plaintiff's opposition is bereft of any meaningful argument that Defendants' unicorn garment and graphic work copy protectable expression, as opposed to unprotectable ideas, and makes clear that this case is designed to stifle speech and competition through an unwarranted attempt to monopolize basic ideas. Plaintiff's procedural arguments fail as well. This motion should be granted, and the case should be dismissed with prejudice.

A.     <u>Plaintiff Cannot and Does Not Sufficiently Allege Sufficient
Similarity of Protectable Expression in the Unicorn Costumes</u>

In order to survive this motion Plaintiff must plausibly plead that protectable
elements of its Sky Horse Designs were infringed by Defendant. After filtering out
the unprotectable elements, as this Court must, Plaintiff cannot do so.

Like the Complaint, the Opposition fails to plausibly identify any substantial
similarity, let alone virtual identity, between the protectable elements of the Sky
Horse Designs and Defendant's garments. *Rentmeester v. Nike*., 883 F.3d 1111,
1118 (9th Cir. 2018) (affirming district court's dismissal for failure to allege
substantial similarity).  Plaintiff may place no reliance on the physiognomy of a
unicorn or horse stuffed animal or costume. *Aliotti v. R. Dakin & Co*., 831 F.2d
898, 901-02 (9th Cir. 1987) (plaintiff "may place no reliance upon any similarity in
expression resulting from either the physiognomy of dinosaurs or from the nature
of stuffed animals."). And in the seminal *Satava v. Lowry* (which followed and
builds on *Aliotti v. R. Dakin & Co*.), the Ninth Circuit held that "expressions that
are standard, stock, or common to a particular subject matter or medium are not
protectable under copyright law." *Satava v. Lowry*, 323 F.3d 805, 810 (9th Cir.
2003).[1]

---

[1] See also *George S. Chen Corp. v. Cadona Int'l, Inc*., 266 Fed. App'x 523, 524
(9th Cir. 2008) (holding that an ornament of a dolphin with "an open mouth and an
uplifted twisted tail" follows from the idea of a swimming dolphin and is not
protectable); *Aurora World, Inc. v. Ty Inc*., 719 F. Supp 2d 1115, 1136 (C.D. Cal.
2009) ("[N]o copyright protection can be afforded the idea of producing plush toys
that resemble particular animals."); *N. Am. Bear Co. v. Carson Pirie Scott & Co*.,
No. 91-C-4550, 1991 WL 259031, at *4 (N.D. Ill. Nov. 27, 1991) ("The only
features that appear similar to the ordinary observer—such as general size, shape,
color and softness—are the very same features that are so inherent in the abstract
idea of a teddy bear that they are not subject to copyright protection."); *Country
Kids 'N City Slicks, Inc. v. Sheen,* 77 F.3d 1280, 1286 (10th Cir. 1996) ("to the

DEFENDANT'S REPLY IN SUPPORT OF HIS MOTION TO DISMISS PLAINTIFF'S COMPLAINT

1   "Because the requirement is one of substantial similarity to protected

2   elements of the copyrighted work, it is essential to distinguish between the

3   protected and unprotected material in a plaintiffs work." *Swirsky v. Carey*, 376

4   F.3d 841, 845 (9th Cir.2004). Courts therefore filter out unprotectable elements

5   through "'[a]nalytical dissection' [which] requires breaking the works `down into

6   their constituent elements, and comparing those elements for proof of copying as

7   measured by "substantial similarity."'" *Id.* (*quoting Rice v. Fox Broadcasting* Co.,

8   148 F.Supp.2d 1029, 1051 (C.D.Cal.2001)). And critically, "protection extends

9   only to those components of a work that are original to the author." *Apple

10  Computer, Inc. v. Microsoft Corp.*, 35 F.3d 1435, 1445 (9th Cir. 1994).

11      The Complaint at issue fails to allege that any protectable constituent

12  element of the Sky Horse Designs was infringed. Plaintiff's contrary argument

13  rests only on the unsupported statement that the "Sky Horse Designs depict

14  unicorn and horse elements on the hood of garments, with distinct expressive

15  elements of horns, eyes, ears, nose, and mane, all of which are not commonplace in

16  depictions of horses and unicorns and costumes of same[]" and that "[t]here are

17  infinite ways in which to represent a cartoon version of a unicorn or horse on a

---

18  extent that certain similarities between a copyrighted work and an allegedly

19  infringing work are inherent in a nonprotectable idea—i.e., the general features of

20  a doll—we must filter those similarities out of the comparison."); *Mattel, Inc. v.

21  Azrak-Hamway Int'l, Inc.,* 724 F.2d 357, 360 (2d Cir. 1983) ("Though the dolls'

22  bodies are very similar, nearly all of the similarity can be attributed to the fact that

23  both are artist's renderings of the same unprotectable idea—a superhuman

24  muscleman crouching in . . . a traditional fighting pose"); *Durham Indus., Inc. v.

25  Tomy Corp.*, 630 F.2d 905, 916- 17 (2d Cir. 1980) (no infringement although dolls

    were "mechanically identical and structurally similar;" "all dolls attempting to

    express the same idea will of necessity display at least some similarity"); *Reece v.

    Island Treasures Art Gallery, Inc.,* 468 F. Supp. 2d 1197, 1207-09 (D. Haw. 2006)

    (finding no substantial similarity even though central figure of dancer was

    "remarkably similar" in position and proportions).

DEFENDANT'S REPLY IN SUPPORT OF HIS MOTION TO DISMISS PLAINTIFF'S COMPLAINT

costume and to express the elements of horns, eyes, ears, nose, and mane." Dkt. 13, 8:15 – 19. But Plaintiff does not elaborate on what distinct expressive elements it owns nor does it indicate where it has plead ownership and copying of such expressive elements. In addition, its argument that there are infinite ways to represent a unicorn or horse costume is forestalled by *Aliotti v. R. Dakin & Co.*, *supra*, which maintains that the physiognomy of a stuffed animal is not protectable.

Plaintiff cannot dispute that for a costume or bathrobe to be identifiable as a unicorn it must portray the physiognomy of a unicorn, i.e., horns, eyes, ears, manes and a nose, and there are only limited ways in which a maker may do so—the horn and mane go atop the head, eyes to the side and nose in the center below. Absent these features in this orientation, a creator cannot depict a unicorn on the hood of a garment. There is plainly not an infinite way to arrange such elements and Plaintiff should not be allowed to stifle competition and speech by monopolizing the physiognomy of a unicorn.

Filtering out these "scenes a faire" features, Plaintiff has failed to identify even a single element of protectable expression that is similar or virtually identical between the works. Plaintiff can make no claim for infringement based on the placement of the eyes on the garments since the placement of the eyes of Defendant's product is in accord with the physiognomy of a horse/unicorn and a stuffed hooded costume. Plaintiff is then left having to claim that the eye on its product is both original, that it is the copyright owner of the eye artwork, and that the eye on Defendant's garment is virtually identical to Plaintiff's eye once the physiognomy of the eye is filtered out. But Plaintiff does not allege that it owns a copyright in the eyes at issue, and acknowledges that the eyes are different in any event.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

Plaintiff runs into the same problem with the nose because it cannot plausibly claim the use of two dots to depict a nose is protectable authorship in the first place as "[c]opyright protection does not 'extend to any idea, procedure, process, system, method of operation, concept, principle, or discovery.'" *Muromura v. Rubin Postaer & Assocs.*, No. CV 12-09263 DDP AGRX, 2014 WL 4627099, at *2 (C.D. Cal. Sept. 16, 2014) *quoting* 17 U.S.C. § 102(b). Therefore, "elements of expression that necessarily follow from an idea, or expressions that are as a practical matter, indispensable or at least standard in the treatment of an idea are [also] not protected." *Id.* (internal citations and quotation omitted). Accordingly, the use of two dots to create a nose element must be filtered out because the dots cannot form the basis for Plaintiff's claim for infringement.

Finally, even a plausible allegation of such similarity would still be insufficient since the depiction of a unicorn or horse stuffed animal is subject to only thin copyright protection. See, *Aurora World, Inc. v. Ty Inc*., 719 F. Supp 2d 1115, 1138 (C.D. Cal. 2009)). As a result, "the appropriate standard [on which to evaluate whether there has been] illicit copying is virtual identity." *Id, citing Apple Computer*, 35 F.3d at 1439, 1442; *See also, Mattel, Inc. v. MGA Entm't, Inc*., 616 F.3d 904, 915 (9th Cir. 2010)(" Because of the narrow range of expression, the preliminary sculpt [of a fashion doll] is entitled to only thin copyright protection against virtually identical copying[.]") And here, the elements are plainly not identical or virtually identical.

Plaintiff has not and cannot plausibly allege the infringement of any protectable element of the Sky Horse Designs and accordingly, its claims as to that design should be dismissed with prejudice.

///

///

DEFENDANT'S REPLY IN SUPPORT OF HIS MOTION TO DISMISS PLAINTIFF'S COMPLAINT

B.    <u>Plaintiff Fails to Sufficiently Allege Sufficient Similarity of Protectable Expression in the Graphics</u>

Plaintiff's Complaint also fails to plausibly allege the copying of protectable expression from its graphic artwork. Indeed, Plaintiff admits that it cannot claim copyright protection in the idea of stars on a striped background and that the stripe and star elements are different. Plaintiff's opposition thus does little more than object to the CAD attached to the Wei declaration. But this objection proves too much—both Defendant and the Court are entitled to a clear statement of the basis for Plaintiff's claim, and the fact that Defendant had to provide a clear image of the offending design for the Court to undertake an initial evaluation of whether, as a matter of law, a claim may lie against that artwork only provides further justification for this motion.

Plaintiff's objection to the Court considering a clearer image of the graphic on the Subject Products[2] cannot save Plaintiff's claim because the CAD was submitted merely to facilitate the comparison of the images in the Complaint but is not necessary for the Court to rule. Indeed, should the Court rule based only on the images in the Complaint, the outcome here should still be a dismissal with prejudice, or at least a dismissal with leave to amend and instructions to provide clear images of the works at issue and plead which specific artistic expression of elements of Plaintiff's work were copied.

Plaintiff's argument that "the works are substantially similar in their creative placement of star elements over a background of diagonal color stripes that fade into each other with a creative emphasis on the colors red, pink, yellow and blue" (Dkt. 13, 8:11 – 13) fails. It is a conclusory argument that adds nothing to the

_____

[2] Defendant will address the objections below.

DEFENDANT'S REPLY IN SUPPORT OF HIS MOTION TO DISMISS PLAINTIFF'S COMPLAINT

conclusory allegations in the Complaint. It is telling that Plaintiff was not able to, or willing to take the trouble to, articulate any particular similarities in its opposition. Indeed, a comparison of the images as shown in the Complaint compel dismissal with prejudice:

Plaintiff's Graphic (Dkt. 1, ¶21)          Defendant's Product (Dkt. 1, ¶21)

   

As shown above, Defendant's graphic has a large purple stripe fading into a large pink stripe which fades into orange, yellow then green and then indigo. Plaintiff's design does not share the same pattern: the purple line on Plaintiff's graphic is hard and thin. Plaintiff's graphic contains several white stripes, whereas Defendant's graphics have none. Finally, there is no discernible similarity in the pattern of star elements shown on graphics in the Complaint and Plaintiff (as said above) has made no effort to point out the similarities in the patterns.

To the extent the Court is not inclined to dismiss the Complaint with prejudice, Plaintiff should be ordered to put forward clear images and descriptions of the purported similarities in the design in an amended complaint.

DEFENDANT'S REPLY IN SUPPORT OF HIS MOTION TO DISMISS PLAINTIFF'S COMPLAINT

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

C.    Plaintiff's Procedural Arguments Fail

Contrary to Plaintiff's assertion, expert testimony is not required for the Court to rule on the motion and the Court need not look beyond the Complaint to Defendant's Request for Judicial Notice or to the Gaojing Wei declaration to properly dismiss the Complaint.

Notably, the cases Plaintiff points to do not say that expert testimony is necessary for a court to conduct the extrinsic test, rather they state that it may be necessary.[3] And courts in this Circuit commonly dismiss copyright infringement cases at the motion to dismiss stage without the aid of expert testimony where substantial similarity or virtual identity is not plausible on the face of the complaint. *See e.g., Pretty in Plastic, Inc. v. Bunn*, No. CV 18-6091-GW(SKX), 2019 WL 1771654 (C.D. Cal. Feb. 8, 2019), aff'd, 793 F. App'x 593 (9th Cir. 2020) (dismissal with prejudice of copyright infringement claim affirmed where

---

[3] Plaintiff cites to *Williams v. Gaye*, 895 F.3d 1106, 1119 (9th Cir. 2018), for the proposition that the extrinsic test *requires* expert testimony, but the *Gaye* citation appears to follow a string of incorrect citations. Specifically, in *Apple Computer, Inc. v. Microsoft Corp.*, 35 F.3d 1435 (9th Cir.1994), the Court stated that in conducting the extrinsic test, "expert testimony *could* be used, if helpful" and "[u]sing analytic dissection, and, *if necessary*, expert testimony, the court must determine whether any of the allegedly similar features are protected by copyright." *Apple Computer, Inc. v. Microsoft Corp.*, 35 F.3d 1435, 1442 – 1443 (9th Cir.1994) (emphasis added). Subsequently, *Three Boys Music Corp. v. Bolton*, 212 F.3d 477 (9th Cir. 2000) cited *Apple Computer* for the proposition that "[t]he extrinsic test often requires analytical dissection of a work and expert testimony." *Three Boys Music Corp. v. Bolton*, 212 F.3d 477, 485 (9th Cir. 2000). The *Three Boys Music* case was subsequently misquoted in *Swirsky v. Carey*, 376 F.3d 841(9th Cir. 2004) which truncated the language and stated, "[t]he extrinsic test requires "analytical dissection of a work and expert testimony." *Swirsky v. Carey*, 376 F.3d 841, 844 (9th Cir. 2004). Later, the Court in *Williams v. Gaye* quoted the incorrect and incomplete citation made in *Swirsky v. Carey*. *Williams v. Gaye*, 895 F.3d 1106, 1119 (9th Cir. 2018).

virtual identity of unicorn sculpture could not be plausibly alleged). *See also, Wild v. NBC Universal, Inc*., 788 F.Supp.2d 1083, 1098 (C.D.Cal.2011); *Muromura v. Rubin Postaer & Assocs*., No. CV 12-09263 DDP AGRX, 2014 WL 4627099, at *2 (C.D. Cal. Sept. 16, 2014).

And even if expert testimony was required (and it is not), it would be, as Plaintiff suggests, to dissect protected elements from unprotected elements. But Plaintiff has not and cannot allege the existence of any protected elements and accordingly there is nothing for an expert to discuss.

Plaintiff also incorrectly pegs its call for expert testimony to the fact that Defendant has filed a request for judicial notice and included a CAD of the graphic on its product via declaration under the incorporation by reference theory. But again, Plaintiff cites no case that suggests that where a request for judicial notice is granted or where a document is incorporated by reference that expert testimony is necessary. Indeed, in *Pretty in Plastic, Inc. v. Bunn*, *supra,* the Court granted Plaintiff's request that the Court take judicial notice of the dictionary definition of unicorn and the Court still dismissed the action with prejudice and in the absence of any expert testimony. *Pretty in Plastic, Inc. v. Bunn*, No., 2019 WL 1771654, at *3.

Here, while the dictionary entry and an encyclopedic entry for unicorn may be helpful to the Court in understanding that a unicorn is a mythic figure resembling a horse, it is not necessary for the Court to rule on this motion. This is especially true where Plaintiff acknowledges that "[t]he Sky Horse Designs depict unicorn and horse elements…" Dkt. 13, 8:15.

The same is true with respect to the Wei declaration: The Court can rule on the motion without resorting to the CAD attached to the Wei declaration and again, even if it looks to the CAD, there is no rule that Defendant is aware of – and

DEFENDANT'S REPLY IN SUPPORT OF HIS MOTION TO DISMISS PLAINTIFF'S COMPLAINT

Plaintiff has cited none – that would require expert testimony where a Court looks to documents incorporated by reference in a complaint on a motion to dismiss.

      D.    <u>Conclusion</u>

      The Copyright Act exists to encourage artistic expression and protect the creative arts, and to serve those goals it makes clear that ideas are not protectable. In order to avoid chilling creative expression, it is critical that Courts ensure that no artist be sued for "copying" ideas by dismissing cases like the one at bar early. Because the works at issue are plainly different and only share similarity of unprotectable idea, Plaintiff's complaint should be dismissed with prejudice. In the event the Court grants leave to amend, Plaintiff should be required to allege with particularity the protectable elements of the Sky Horse Design that it alleges Defendant has infringed and to allege with particularity the similarities between the graphic works at issue.

                               Respectfully submitted,

Dated:  March 8, 2021    By:        <u>*/s/ Stephen M. Doniger*</u>
                                    Stephen M. Doniger, Esq.
                                    David Shein, Esq.
                                    DONIGER / BURROUGHS
                                    Attorneys for Defendant
                                    Gaojing Wei

DEFENDANT'S REPLY IN SUPPORT OF HIS MOTION TO DISMISS PLAINTIFF'S COMPLAINT